## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY | Civil Action No. |
| *Plaintiffs* | |
| v. | [This Document has been Electronically Filed] |
| FRED BEANS HOLDING INC., FRED BEANS IMPORTS OF FLEMINGTON INC. D/B/A FRED BEANS NISSAN OF FLEMINGTON, FRED BEANS AUTOMOTIVE OF FLEMINGTON, INC. D/B/A FRED BEANS HYUNDAI OF FLEMINGTON, FRED BEANS MOTORS OF FLEMINGTON, INC. D/B/A FRED BEANS TOYOTA OF FLEMINGTON, WASHINGTON TOWNSHIP AUTOMOTIVE, LLC D/B/A FRED BEANS OF WASHINGTON, and FRED W. BEANS | |
| *Defendants* | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiffs, Zurich American Insurance Company ("ZAIC") and American Guarantee and

Liability Insurance Company ("AGLIC"), by and through their undersigned counsel, Bodell

Bove, LLC by way of Complaint against Defendants, Fred Beans Holding Inc., Fred Beans

Imports of Flemington Inc. d/b/a Fred Beans Nissan of Flemington, Fred Beans Automotive of

Flemington, Inc. d/b/a Fred Beans Hyundai of Flemington, Fred Beans Motors of Flemington,

Inc. d/b/a Fred Beans Toyota of Flemington, Washington Township Automotive, LLC d/b/a Fred

Beans of Washington (collectively, the "Dealerships") and Fred W. Beans ("Fred Beans",

referred to collectively with the Dealership as the "Fred Beans Defendants"), assert the

following:

## INTRODUCTION

This action arises out of a purported dispute concerning the insurance coverage available to the Fred Beans Defendants in connection with a putative class action styled, *Umar Ali v. Fred Beans Imports of Flemington, et al.*, Docket No. HUN-L-141-22 which is pending in the Superior Court of New Jersey, Law Division, Hunterdon County (the "Ali Action") under certain insuring agreements identified as ZAIC Policy Nos. ADM 5722572-00, ADM 5722572-01, and ADM 5722572-02 (the "ZAIC Policies") and AGLIC Policy Nos. AUC 5722571-00, AUC 5722571-01, and AUC 5722571-02 (the "AGLIC XS Policies").

The Ali Action asserts that the Dealerships overcharged their customers for title and registration fees and failed to properly itemize a "documentary service fee" in violation of the New Jersey Automotive Sales Practices Regulations, *N.J.A.C.* 13:45A-26B.1 to -B.4 ("Auto Sales Regulations"), New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1, et seq. ("CFA"), and New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, *N.J.S.A.* 56:12-14 to -18 ("TCCWNA").

The Fred Beans Defendants seek coverage for Ali Action under the Truth In Lending/Truth In Leasing Errors And Omissions ("TIL E&O") coverage part of the ZAIC Policies which, as its names suggests, protects qualifying insureds from a suit that alleges a violation of truth in lending or truth in leasing statutes, subject to an eroding $500,000 Per Suit and Aggregate Limit.  Zurich has disclaimed coverage for the Ali Action under the TIL E&O coverage part because alleged violations of the Auto Sales Regulations, CFA and TCCWNA grounded in inflated title and registration fees and improper "documentary services" fees, such as those raised in the Ali Action, do <u>not</u> trigger truth-in-lending or truth-in-leasing law coverage. *See e.g., Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.*, 207 N.J. 428 (2011).

Instead, Zurich has agreed to provide certain Customer Complaint Defense ("CCD") coverage under ZAIC Policy No. ADM 5722572-02. The CCD coverage reimburses a qualifying insured for reasonable costs and expenses incurred in defending certain suits brought by customers, subject to a $500,000 Per Suit and Aggregate Limit. Under the CCD coverage, ZAIC is <u>not</u> required to indemnify any judgments or settlements, and any payments made by ZAIC for reimbursement of defense costs are within and erode the applicable $500,000 CCD Per Suit and Aggregate Limit.

Due to this dispute, ZAIC seeks a declaration of its rights and obligations under the ZAIC Policies and respectfully requests that this Honorable Court declare that ZAIC's insuring obligations relative to the Ali Action are limited to the provision of CCD coverage under the applicable ZAIC policy and that there is no duty to defend the Fred Beans Defendants, or indemnify any judgments or settlements.

The AGLIC XS Policies provide, *inter alia*, certain follow form excess coverage that sits above the following specifically scheduled underlying coverages in the ZAIC Policies under which the Fred Beans Defendants seek coverage:

$1,000,000 Covered Autos Liability – Each Accident
$1,000,000 Damages to Premises Rented to You – Any One Premises
$3,000,000 General Liability Aggregate
$1,000,000 General Liability BI and PD Liability – Each Accident
$1,000,000 Personal and Advertising Injury Liability – Any One Person or Organization
$3,000,000 Products & Work You Performed Aggregate.

The AGLIC XS Policies do not sit above, or apply to, the TIL E&O coverage that the Fred Beans Defendants incorrectly contend applies, or the CCD coverage, that actually applies.

Consequently, AGLIC respectfully requests that this Honorable Court declare that AGLIC has no duty to defend or indemnify the Fred Beans Defendants in connection with the Ali Action.

## PARTIES

1.      Plaintiff, Zurich American Insurance Company (as noted, "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  ZAIC is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania where the ZAIC Policies were delivered.

2.      Zurich is a citizen of Illinois and New York within the meaning of 28 U.S.C.S. § 1332(c).

3.      Plaintiff, American Guarantee and Liability Insurance Company (as noted, "AGLIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, New York 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  AGLIC is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania where the AGLIC XS Policies were delivered.

4.      AGLIC is a citizen of Illinois and New York within the meaning of 28 U.S.C.S. § 1332(c).

5.      Upon information and belief, Fred Beans Holding Inc. ("Fred Beans Holding") is a Pennsylvania corporation with its principal place of business located at 3960 Airport Blvd, Doylestown, Pennsylvania 18902.

6.      Fred Beans Holding is a citizen of Pennsylvania within the meaning of 28 U.S.C. § 1332(c).

7.      Upon information and belief, Fred Beans Imports of Flemington Inc. d/b/a Fred Beans Nissan of Flemington ("Fred Beans Imports") is a Pennsylvania corporation with its principal place of business located at 172 Route 202, Flemington, New Jersey 08822.  Fred Beans Imports is a defendant in the Ali Action.

8.      Fred Beans Imports is a citizen of Pennsylvania and New Jersey within the meaning of 28 U.S.C. § 1332(c).

9.      Upon information and belief, Fred Beans Automotive of Flemington, Inc. d/b/a Fred Beans Hyundai of Flemington ("Fred Beans Automotive") is a Pennsylvania corporation with its principal place of business located at 180 Route 202, Flemington, New Jersey 08822. Fred Beans Automotive is a defendant in the Ali Action.

10.      Fred Beans Automotive is a citizen of Pennsylvania and New Jersey within the meaning of 28 U.S.C. § 1332(c).

11.      Upon information and belief, Fred Beans Motors of Flemington, Inc. d/b/a Fred Beans Toyota of Flemington ("Fred Beans Motors") is a Pennsylvania corporation with its principal place of business located at 174 Route 202, Flemington, New Jersey 08822.  Fred Beans Motors is a defendant in the Ali Action.

12.      Fred Beans Motors is a citizen of Pennsylvania and New Jersey within the meaning of 28 U.S.C. § 1332(c).

13.      Upon information and belief, Washington Township Automotive, LLC d/b/a Fred Beans of Washington ("Washington Township Automotive") is a New Jersey limited liability company with its principal place of business located at 359 Route 31, Washington, New Jersey 07882.  Upon information and belief, Fred Beans is the sole and managing member of

Washington Township Automotive and is a citizen of Pennsylvania. Washington Township

Automotive is a defendant in the Ali Action.

14.     Washington Township Automotive is a citizen of Pennsylvania within the

meaning of 28 U.S.C. § 1332. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir.

2010).

15.     Upon information and belief, Fred Beans is a resident of Doylestown,

Pennsylvania and resides at 21 Golf View Road, Doylestown, Pennsylvania 18901.

16.     Fred Beans is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as this is a

civil action between citizens of different States in which the matter in controversy exceeds the

sum of $75,000, exclusive of interest and costs.

18.     This Court has the power to declare the rights and obligations of the parties to this

lawsuit pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and various

statutory, codified and common laws of the United States of America and the Commonwealth of

Pennsylvania.

19.     This Court has personal jurisdiction over Fred Beans Holding, Fred Beans

Imports, Fred Beans Automotive, and Fred Beans Motors because, upon information and belief,

*inter alia*, they are organized and existing under the laws of the Commonwealth of Pennsylvania,

they are registered to do business in Pennsylvania, they regularly transact business in

Pennsylvania, and the policies of insurance under which they claim rights were delivered in

Pennsylvania.

20.     This Court has personal jurisdiction over Washington Township Automotive because, upon information and belief, *inter alia*, its sole and managing member is a Pennsylvania citizen, it regularly transacts business in Pennsylvania, and the policies of insurance under which it claims rights were delivered in Pennsylvania.

21.     This Court has personal jurisdiction over Fred Beans because, upon information and belief, *inter alia*, he resides in Pennsylvania, he regularly transacts business in Pennsylvania, and the policies of insurance under which he claims rights were delivered in Pennsylvania.

22.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1391 because, *inter alia*, Fred Beans Holding, Fred Beans Imports, Fred Beans Automotive, Fred Beans Motors, Washington Township Automotive and Fred Beans reside in this District for purposes of venue under 28 U.S.C. §1391.

## **THE ALI ACTION**

23.     The Ali Action is a putative class action which alleges that the Dealerships overcharged their customers for title and registration fees and failed to properly itemize a "documentary service fee" in violation of the Auto Sales Regulations, CFA and TCCWNA.

24.     On November 28, 2022, Umar Ali ("Ali") individually and on behalf of a putative class, filed a First Amended Class Action Complaint which asserts claims against the Fred Beans Defendants and alleges that the Dealerships used a standard Retail Purchase Agreement ("RPA") that violates the Auto Sales Regulations, CFA and TCCWNA.  A true and correct copy of the First Amended Complaint is attached at **Exhibit A**, and incorporated herein by reference.

25.     Ali, who purchased a used vehicle in July 2021 and "paid for the vehicle in full on the date of purchase", alleges that the Dealerships engaged in a common practice of charging customers a "documentary service fee" without itemizing the specific services and prices

included within the documentary service fee on the RPA in violation of the Auto Sales Regulations, CFA and TCCWNA.

26.     Ali alleges that the Dealerships engaged in a common practice of overcharging their customers for title, registration and plate fees on the RPA, that the overcharge constitutes a documentary service fee pursuant to the Auto Sales Regulations, and that the Dealerships failed to itemize the specific services and prices included within that documentary service fee on the RPA in violation of the Auto Sales Regulations, CFA and TCCWNA.

27.     In Count I, Ali asserts a claim for violations of the CFA based on the Fred Beans Defendants' alleged failure to specifically itemize the services and prices included within their documentary service fees and their overcharge for title and registration fees.  Ali seeks treble damages, costs, injunctive relief enjoining the alleged illegal practice, and a refund under the CFA.

28.     In Count II, Ali asserts a claim for violations of the TCCWNA based on the Fred Beans Defendants' alleged failure to specifically itemize the services and prices included within their documentary service fees.  Ali also alleges that the Fred Beans Defendants mispresented the fees for registration, title and plates and that the overcharge constitutes a documentary service fee which was likewise not specifically itemized in violation of the Auto Sales Regulations.   Ali seeks damages in the amount of the overcharges for registration and title fees, statutory damages of not less than $100 for each violation of the TCCWNA, and actual damages, attorneys' fees, and costs pursuant to the TCCWNA.

29.     In Count III, Ali asserts a claim for declaratory judgment pursuant to the Uniform Declaratory Judgments Act, *N.J.S.A.* 2A:16-50, et seq. which seeks a declaration that the Fred Beans Defendants' RPA violates the Auto Sales Regulations, CFA and TCCWNA, that the Fred

Beans Defendants be enjoined from future violations and correct their RPA, and that the putative

class be provided notice that the RPA violates the Auto Sales Regulations, CFA and TCCWNA.

30.    As for alleged damages and relief, Ali seeks a judgment: (a) certifying that the

action may be maintained as a class action; (b) appointing Ali as class representative and

appointing his law firm as class counsel; (c) for injunctive relief enjoining future violations of

the Auto Sales Regulations, CFA and TCCWNA; (d) for declaratory judgment that the Fred

Beans Defendants violated the Auto Sales Regulations, CFA and TCCWNA; (e) for injunctive

relief requiring the Fred Beans Defendants to provide an accounting to all class members

including the fees charged for a documentary service fee, the fees charged for and actually paid

to the appropriate motor vehicle agency to title and register each vehicle sold or leased; (f) for

injunctive relief requiring the Fred Beans Defendants to provide an accounting of all services

that they provided to Ali and each class member included in the documentary service fees and

the excess fees for title and registration, or similar fee and the price for each specific service

provided including an explanation as to which services are optional and which may be performed

by the customer; (g) for injunctive/equitable relief requiring the Fred Beans Defendants to

provide notice to all class members of Ali's claims and the relief provided by the Court; (h) for

treble damages under the CFA, pursuant to *N.J.S.A.* 56:8-19 for the class claims; (i) for statutory

damages in the minimum amount of $100 under the TCCWNA at *N.J.S.A.* 56:12-17 for Ali and

each class member; (j) for reasonable attorneys' fees and costs pursuant to the CFA at *N.J.S.A.*

56:8-19 and TCCWNA at *N.J.S.A.* 56:12-17; (k) alternatively, to treble damages, awarding Ali

and all class members a refund pursuant to *N.J.S.A.* 56:8-2.11; and (l) for pre-judgment and post-

judgment interest.

31.     On October 4, 2023, Ali filed a motion for class certification which seeks

certification of a class consisting of the following class period and class definition:

> **CLASS PERIOD:** The period beginning on January 1, 2021 and ending on
> December 31, 2022.

> **CLASS DEFINITION:** All persons who purchased or leased a motor vehicle
> from any of the … Dealerships during the "Class Period" who: (a) received a
> sales document with terms of the same or similar to the terms in the RPA
> provided to Plaintiff; (b) were charged "Documentary Service Fees" or a similar
> fee for documentary services where the sales document used in the transaction did
> not set forth in writing each specific documentary service performed and the price
> for each service; and/or (c) were charged an "Estimated Title and Registration"
> fee or similar fee to title and register the vehicle purchased or leased that
> exceeded the actual fees charged by the New Jersey MVC and/or the appropriate
> Motor Vehicle agency of the state where the vehicle was registered to timely
> register and title the vehicle purchased or leased.

> Specifically excluded from the Class are any judges or magistrates involved in
> this matter.

A true and correct copy of relevant portions of the motion for class certification are attached at

**Exhibit B**, and incorporated herein by reference.

32.     The motion for class certification is pending.

## THE ZAIC POLICIES

33.     ZAIC issued Policy Nos. ADM 5722572-00, ADM 5722572-01, and ADM

5722572-02 (the "ZAIC Policies") to Fred Beans Holding Inc., 3960 Airport Blvd, Doylestown,

Pennsylvania 18902-1037, effective, serially, for the policy period of October 1, 2018 to October

1, 2021.  A true and correct copy of ZAIC Policy No. ADM 5722572-02, effective October 1,

2020 to October 1, 2021 (the "2020-2021 ZAIC Policy") (with redacted premium information

and without property forms and endorsement and change endorsements) is attached at **Exhibit C**,

and incorporated herein by reference.  True and correct copies of the Common Policy

Declarations, Schedule of Forms and Endorsements, Schedule of Named Insured(s) and Auto

Dealer Declarations for ZAIC Policy No. ADM 5722572-00 and ZAIC Policy No. ADM 5722572-01 (with redacted premium information and without change endorsements) are attached as **Exhibit D** and **Exhibit E**, respectively.[1]

34.    The ZAIC Policies provide, among other coverages, certain auto dealers liability coverage inclusive of, Acts, Errors or Omissions Liability Coverage ("E&O Coverage") and Customer Complaint Defense (as noted, "CCD") coverage, governed by Auto Dealers Declarations (U-CA-D-803-B CW (02/16)) and an Auto Dealers Coverage Form (CA 00 25 10/13)) ("Auto Dealers Coverage Form"), *as amended* by a number of endorsements including, among others, Unicover Auto Dealers Coverage Form Endorsement (U-CA-852-C CW (02/16)) and (U-CA-852-D CW (03/20)),[2] Customer Complaint Defense Coverage (U-CA-843-B CW (02/16)) ("CCD Coverage Form"), and Acts, Errors Or Omissions Coverage (U-CA-859-B CW (02/16)) ("E&O Coverage Form").

35.    Fred Beans Imports, Fred Beans Automotive, Fred Beans Motors, and Fred Beans are identified as Named Insureds on the 2020-2021 ZAIC Policy.

---

[1] In order to comply with L. Civ. R. 5(a), ZAIC and AGLIC have removed the property forms and endorsements from the 2020-2021 ZAIC Policy.  A list of the omitted forms and endorsements can be found on the Schedule of Forms and Endorsements under the section "Property Forms and Endorsements".  ZAIC and AGLIC have also omitted the 2020-2021 ZAIC Policy change endorsements which principally concern the property coverage and do not modify any of the terms and conditions that are relevant to this litigation.  ZAIC and AGLIC have also omitted complete copies of ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01 which include the same material forms and endorsements as the 2020-2021 ZAIC Policy except where noted and, as discussed further herein, are not implicated by the proposed Class Period.

[2] ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01 include Unicover Auto Dealers Coverage Form Endorsement (U-CA-852-C CW (02/16)) and ZAIC Policy No. ADM 5722572-02 includes Unicover Auto Dealers Coverage Form Endorsement (U-CA-852-D CW (03/20)).  A true and correct copy of Unicover Auto Dealers Coverage Form Endorsement (U-CA-852-C CW (02/16)), which is a different version of the form included within the 2020-2021 ZAIC Policy attached as Exhibit C, is attached at **Exhibit F**.

36.     Washington Township Automotive is <u>not</u> a scheduled Named Insured under the ZAIC Policies.

37.     Washington Township Automotive is a limited liability company that was formed on February 28, 2022 after the ZAIC Policies expired.

38.     The E&O Coverage is comprised of Truth In Lending/Truth In Leasing Errors And Omissions (as noted, "TIL E&O") coverage, Statute And Title Errors And Omissions ("Statute and Title E&O") coverage, and Agents Errors And Omissions ("Agents E&O") coverage, subject to the applicable terms, exclusions, limits and conditions.

39.     The TIL E&O, Statute and Title E&O, and Agents E&O are each subject to eroding limits of $500,000 Per Claim or Suit / $500,000 Aggregate, and a $5,000 Deductible Per Claim or Suit. *Id.* at Auto Dealers Declarations (U-CA-D-803-B CW (02/16)), Item 2.

40.     The E&O Coverage is set forth in the following insuring agreement:

**A. Coverage**

**1.**  We will pay all sums that an "insured" legally must pay as "damages" because of any Truth In Lending/Truth In Leasing Errors And Omissions, Statute And Title Errors And Omissions, or Agents Errors And Omissions when a limit for such insurance coverage is shown in the Declarations.

   **a.**  Under Truth In Lending/Truth In Leasing Errors And Omissions Coverage, we will pay for "damages" resulting from any claim or "suit" filed against you by or on behalf of a customer arising out of an alleged violation of a state or federal truth in lending or truth in leasing statute requiring that the precise and meaningful cost of credit information be provided to a credit customer. The violation must be alleged to have occurred within the coverage territory during the policy period.

   Truth In Lending/Truth In Leasing Errors And Omissions does not include any claim or "suit":
   **(1)**  Filed against an insured as a result of an "accident";
   **(2)**  As described in Statute And Title Errors And Omissions, Customer Complaint Defense or Designated Statute Defense.

   **b.**  Under Statute And Title Errors And Omissions Coverage, we will pay for "damages" resulting from any claim or "suit" filed against you by or on behalf of:

**(1)** A customer arising out of your "auto dealer operations", because of an alleged violation of any federal, state or local:

    **(a)** Odometer statute;

    **(b)** New or used auto damage or prior use disclosure statute;

    **(c)** Competitive auto parts statute;

    **(d)** Used car Buyers Guide, including Federal Regulation 455;

    **(e)** Statute requiring the display of automobile window stickers listing the manufacturer's suggested price for the vehicle and any of its accessories, including the Monroney Act.

**(2)** Any person or organization who has suffered a financial loss due to the failure of your employee to properly specify the name of the security interest or legal owner on "auto" or watercraft title papers. Paragraph **(2)** does not apply unless such "auto" or watercraft has been sold or its title has been transferred.

The alleged violation or failure must take place within the coverage territory during the coverage period.

Statute and Title Errors And Omissions does not include any claim or "suit":

    **(a)** Filed against an insured as a result of an "accident";

    **(b)** As described in Truth In Lending/Truth In Leasing Errors And Omissions, Customer Complaint Defense or Designated Statute Defense.

**c.** Under Agents Errors And Omissions Coverage, we will pay for damages resulting from a negligent "act, error or omission" that is alleged to have occurred within the coverage territory during the coverage period and that:

**(1)** Results in a claim or "suit"; and

**(2)** Arises out of the conduct of your business as an "insurance agent", but only for automobile physical damage, credit life or credit accident and health insurance.

Agents Errors And Omissions does not include any claim or "suit":

    **(a)** Filed against an "insured" as a direct result of an "accident";

    **(b)** As described in Customer Complaint Defense, Designated Statute Defense, Statute And Title Errors And Omissions or Truth In Lending/Truth In Leasing Errors And Omissions.

**2.** We will have the right and duty to defend any "insured" against a "suit" that alleges these "damages". However, we have no duty to defend any "insured" against a "suit" seeking "damages" for "acts, error or omissions" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. However:

**a.** The total amount we will pay for "damages", expenses and defense is limited as described in Paragraph **E. Limit Of Insurance And Deductible**;

**b.** Our duty to defend or settle ends when the applicable limit of insurance has been exhausted by the payment of judgments, settlements, expenses or defense costs;

13

    **c.**  For Truth In Lending/Truth In Leasing Errors And Omissions, Statute And Title Errors And Omissions, and Agents Errors And Omissions coverage, the amount we will pay as "damages" will include court awards in excess of compensatory damages, but only in jurisdictions where insurance for such awards is allowable. We will not pay for civil fines, assessments, penalties or equitable relief;

    **d.**  Should we defend an "insured" under a reservation of rights and a court finds no insurance applies under this coverage, you must reimburse us for all legal expenses paid on your behalf, including legal expenses we incur to determine coverage; and

    **e.**  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **D. Supplementary Payments**.

*Id.* at Auto Dealers Coverage Form, Section III – Acts, Errors or Omissions Liability Coverages, Section A. Coverage, *as amended* by E&O Coverage Form.

    41.    "Insured" is defined in pertinent part as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage"; "damages" is defined as "amounts awardable by a court of law (including punitive damages where insurable by law)", however, "damages" do not include "[c]ivil penalties, fines, or assessments" or "[o]ther statutory awards in excess of compensation, except where insurable by law"; "suit" is defined in pertinent part as a "civil action for 'damages'" and specifies that "[a] class action is one 'suit'"; and "insurance agent" is defined in pertinent part as "a person or organization duly licensed (as required by law) as an insurance agent by the regulatory authority in the states in which the 'insured' engages in the automobile physical damage, credit life or credit accident and health business." *Id.* at Auto Dealers Coverage Form, Section V – Definitions, *as amended* by E&O Coverage Form.

    42.    The $500,000 Per Claim Or Suit Limit is the most ZAIC will pay for all "damages", expenses and defense costs because of a single claim or "suit" under the E&O Coverage regardless of the number of "insureds", claims made or "suits" brought, persons or organizations making claims or bringing "suits", or "acts, errors omissions":

**E. Limit Of Insurance And Deductible**

1. Regardless of the number of:

   a. "Insureds";
   b. Claims made or "suits" brought;
   c. Persons or organizations making claims or bringing "suits"; or
   d. "Acts, errors or omissions",

   the Per Claim Or Suit Limit Of Insurance shown in the declarations for Truth In Lending/Truth In Leasing Errors And Omissions, Statute And Title Errors And Omissions, or Agents Errors And Omissions is the most we will pay for all "damages", expenses and defense costs because of a single claim or "suit" under that coverage.

*Id.* at Auto Dealers Coverage Form, Section III – Acts, Errors or Omissions Liability Coverages,

Section E. Limit of Insurance and Deductible, *as amended* by E&O Coverage Form; Auto

Dealers Declarations (U-CA-D-803-B CW (02/16)), Item 2.

43. The E&O Coverage is subject to, *inter alia*, the following exclusions:

**B. Exclusions**

This insurance does not apply to:

**1. Criminal, Fraudulent, Malicious, Dishonest Or Intentional Acts**

Damages arising out of any criminal, fraudulent, malicious, dishonest or intentional "act, error or omission" by an "insured", including the willful or reckless violation of any law or regulation. However, this exclusion does not apply to any "insured" who did not:

**a.** Personally commit;
**b.** Personally participate in;
**c.** Personally acquiesce to; or
**d.** Remain passive after having knowledge of;

any such "act, error or omission".
…

**3. Profit Gain**

Damages based upon, attributable to or arising in fact out of the gaining of any profit, remuneration or advantage to which any "insured" was not entitled.
…

**5. Noncompensatory Damages**

Criminal fines or penalties imposed by law or regulation, or demands for injunctive or equitable relief.

*Id.* at Auto Dealers Coverage Form, Section III - Acts, Errors or Omissions Liability Coverages,

B. Exclusions, ¶¶1, 3, 5, *as amended* by E&O Coverage Form.

44.    The ZAIC Policies also afford certain Customer Complaint Defense (as noted, "CCD") coverage with a Limit of $500,000 Per Suit / $500,000 Aggregate, subject to a $5,000 Deductible. *Id.* at CCD Coverage Form.

45.    The CCD insuring agreement affords certain coverage for reimbursement of reasonable costs and expenses incurred in defending against a "suit" by or on behalf of a customer:

**A. Coverage**

1.    We will reimburse you for your reasonable costs and expenses incurred in defending against a "suit" filed against you by or on behalf of a customer arising out:

    **a.**  Your sale, lease, rental, service, or repair of your products or work as part of your auto dealer operations;
    **b.**  The promotion of your products or work as part of your auto dealer operations.

2.    This coverage applies only if the acts or omissions giving rise to the "suit" take place in the coverage territory during the policy period and the "suit" is brought within the coverage territory.

3.    We have the right but not the duty to resolve any covered "suit" by settlement and our payment of our portion of such settlement ends our obligation under this coverage for that "suit". Should you reject or refuse to participate in a settlement arranged by us, our obligation to reimburse you is limited to the amount we would have paid had you agreed or participated.

4.    Our obligation to reimburse you for any "suit" ends when the Customer Complaint Defense Per Suit Limit shown in the Schedule has been exhausted.

*Id.* at Auto Dealers Coverage Form, *as amended* by CCD Coverage Form, Section A. Coverage.

46.    "Suit" is defined as "a civil action for 'damages'" and specifies that "[a] class action is one 'suit'" and "damages" is defined as "amounts awardable by a court of law (including punitive damages where insurable by law)", however, "damages" do not include

"[c]ivil penalties, fines, or assessments", "[o]ther statutory awards in excess of compensation, except where insurable by law", and "[e]quitable remedies". *Id.* at Auto Dealers Coverage Form, Section V – Definitions, ¶V, *as amended* by CCD Coverage Form.

47.    The $500,000 CCD Per Suit Limit is the most ZAIC will pay for reimbursement of reasonable costs and expenses incurred in the defense or settlement of any one "suit", regardless of the number of insureds or persons or organizations that are party to that "suit":

**D.  Limit Of Insurance And Deductible**

**1.**  The Customer Complaint Defense Per Suit Limit shown in the Schedule is the most we will pay for reimbursement of your reasonable costs and expenses incurred in defense or settlement of any one "suit", regardless of the number of insureds or persons or organizations party to that "suit".

*Id.* at Auto Dealers Coverage Form, *as amended* by CCD Coverage Form, Section D. Limit Of Insurance And Deductible, ¶1; *see also* CCD Coverage Form Schedule.

48.    The $500,000 CCD Aggregate Limit is the most ZAIC will pay for reimbursement of reasonable costs and expenses incurred in defense or settlement of all "suits" within the policy period:

**2.**  The Customer Complaint Defense Aggregate Limit is the most we will pay for reimbursement of your reasonable costs and expenses incurred in defense or settlement of all "suits" within the policy period.

*Id.* at Auto Dealers Coverage Form, *as amended* by CCD Coverage Form, Section D. Limit Of Insurance And Deductible, ¶2; *see also* CCD Coverage Form Schedule.

49.    The CCD coverage is subject to, *inter alia*, the following exclusions:

**B.  Exclusions**

This insurance does not apply to:

**1.  Criminal, Fraudulent, Malicious, Dishonest Or Intentional Acts**

"Suits" arising out of any criminal, fraudulent, malicious, dishonest, or intentional act, error, or omission by an "insured", including the willful or reckless violation of any law or regulation. However, this exclusion does not apply to any "insured" who did not:

    a.  Personally commit;

    b.  Personally participate in;

    c.  Personally acquiesce to; or

any such "act, error or omission".

…

**3.**  Any "suit" for which coverage exists under **Section lll – Acts, Errors Or Omissions Liability Coverages**.

*Id.* at Auto Dealers Coverage Form, *as amended* by CCD Coverage Form, Section B. Exclusions, ¶¶1, 3.

50.    The ZAIC Policies are subject to a "Two Or More Coverage Forms Or Polices Issued By Us" provision which limits coverage as follows:

**8.**  **Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to injury or damage arising from the same "accident", "act, error or omission", or offense, the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form. If more than one coverage in the same coverage part should apply to injury or damage from the same "accident", "act, error or omission", or offense, the most we will pay is the highest applicable limit. Such limit will be inclusive of the lower limit, not in addition to it.

*Id.* at Auto Dealers Coverage Form, Section IV – Conditions, Paragraph B. General Conditions, ¶8. Two Or More Coverage Forms Or Policies Issued By Us, *as amended* by, Unicover Auto Dealers Coverage Form Endorsement (U-CA-852-C CW (02/16)) and (U-CA-852-D CW (03/20)).

### THE AGLIC XS POLICIES

51.    American Guarantee and Liability Insurance Company ("AGLIC") issued Commercial Umbrella Liability Policies Nos. AUC 5722571-00, AUC 5722571-01, and AUC 5722571-02 (the "AGLIC XS Policies") to Fred Beans Holding, Inc., 3960 Airport Blvd, Doylestown, PA 18902-1037, effective, serially, for the policy period October 1, 2018 to

October 1, 2021.  A true and correct copy of AGLIC XS Policy No. AUC 5722571-02 (with

redacted premium information) is attached at **Exhibit G**, and incorporated herein by reference.

True and correct copies of the Commercial Umbrella Liability Policy Declarations, Schedule of

Forms and Endorsements, and Extended Schedule of Underlying Insurance for AGLIC XS

Policy No. AUC 5722571-00 and AGLIC XS Policy No. AUC 5722571-01 (with redacted

premium information) are attached as **Exhibit H** and **Exhibit I**, respectively.[3]

52.     The AGLIC XS Policies include, among other coverages, certain excess follow

form liability coverage, governed by Commercial Umbrella Liability Policy Declarations (U-

UMB-D-101-C CW (03/10)) and a Commercial Umbrella Liability Policy Coverage Form (U-

UMB-103-C CW (03/10)) ("Umbrella Coverage Form"), *as amended* by a number of

endorsements.  The limits of insurance are $20,000,000 Occurrence / $60,000,000 Other

Aggregate / $60,000,000 Products/Completed Operations Aggregate / $250,000 Casualty

Business Crisis Aggregate Limit. *See* AGLIC XS Policies at Declarations (U-UMB-D-101-C

CW (03/10)), Item 4.

53.     The AGLIC XS Policies sit above the following "Applicable Limits" in the ZAIC

Policies:

> $1,000,000 Covered Autos Liability – Each Accident
> $1,000,000 Damages to Premises Rented to You – Any One Premises
> $3,000,000 General Liability Aggregate
> $1,000,000 General Liability BI and PD Liability – Each Accident
> $1,000,000 Personal and Advertising Injury Liability – Any One Person or Organization
> $3,000,000 Products & Work You Performed Aggregate.

*Id.* at Extended Schedule of Underlying Insurance (U-UMB-106-A CW (07/99)).

---

[3] In order to comply with L. Civ. R. 5(a), ZAIC and AGLIC have omitted complete copies of AGLIC
Policy Nos. AUC 5722571-00 and AUC 5722571-01 which include the same material forms and
endorsements as AGLIC XS Policy No. AUC 5722571-02 and, as discussed further herein, are not
implicated by the proposed Class Period.

54.     The Schedule of Underlying Insurance does <u>not</u> include E&O Coverage, inclusive of TIL E&O coverage, or CCD coverage, or otherwise identify their $500,000 Per Suit and Aggregate Limits.

55.     The excess follow form liability insurance insuring agreement provides:

**SECTION I. COVERAGE**

**A.   Coverage A - Excess Follow Form Liability Insurance**

Under **Coverage A**, we will pay on behalf of the **insured**[4] those damages covered by this insurance in excess of the total applicable limits of **underlying insurance**. With respect to **Coverage A**, this policy includes:

**1.**   The terms and conditions of **underlying insurance** to the extent such terms and conditions are not inconsistent or do not conflict with the terms and conditions referred to in Paragraph **2.** below; and

**2.**   The terms and conditions that apply to **Coverage A** of this policy. Notwithstanding anything to the contrary contained above, if **underlying insurance** does not apply to damages, for reasons other than exhaustion of applicable Limits of Insurance by payment of **loss**, then **Coverage A** does not apply to such damages. …

*Id.* at Umbrella Coverage Form, Section I. Coverage, A. Coverage A – Excess Follow Form Liability Insurance, ¶A.

56.     **Underlying insurance** is defined under the AGLIC XS Policies as "the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy" and states that AGLIC "will only be liable for amounts in excess of the Limits of Insurance shown in the Schedule of Underlying Insurance for any **underlying insurance**." *Id.* at Umbrella Coverage Form, Section V. Definitions, ¶A.7.

57.     **Insured** is defined under the AGLIC XS Policies to include, among others, "[a]ny person or organization included as an **insured** in **underlying insurance** …". *Id.* at Umbrella Coverage Form, Section V. Definitions, ¶B.2.

---

[4] Defined terms in the AGLIC Excess Policies are in bold, as set forth in the Umbrella Coverage Form.

## CASE OR CONTROVERSY

58.    Following the filing of the Ali Action, the Fred Beans Defendants sought coverage for the Ali Action under the ZAIC Policies.

59.    Following the filing of the Ali Action, Ali filed a motion for class certification that alleges damages in excess of the eroding limit of $500,000 Per Claim or Suit / $500,000 Aggregate available under the TIL E&O coverage under which the Fred Beans Defendants seek coverage.

60.    On February 23, 2023, ZAIC advised Fred Beans Holding's Insurance Administrator, *inter alia*, that the Ali Action implicates CCD coverage under ZAIC Policy No. ADM 5722572-02 only; that the CCD coverage provides reimbursement for reasonable costs and expenses incurred in defending the Ali Action up to the CCD Per Suit Limit of $500,000 only; that ZAIC will not indemnify any sums in connection with any settlement or adverse judgment in the Ali Action; that the Ali Action does not implicate any additional coverage parts or insuring obligations under the ZAIC Policies including, but not limited to, TIL E&O coverage; and that Washington Township Automotive is not a scheduled insured and does not qualify as an insured under the ZAIC Policies.

61.    On February 23, 2023, AGLIC advised Fred Beans Holding's Insurance Administrator, *inter alia*, that the Ali Action does not implicate any insuring obligations under the AGLIC XS Policies because the AGLIC XS Policies only afford excess coverage above specifically scheduled coverages that do not include the CCD coverage or its $500,000 Per Suit / $500,000 Aggregate Limits.

62.    On December 1, 2023, more than nine months later, the Fred Beans Defendants, through their coverage counsel, responded to ZAIC's February 23, 2023 letter (the "Response").

21

63.     The Response asserts, *inter alia*, that "coverage is triggered under the TIL E&O section", that Washington Township Automotive is an "insured" under the ZAIC Policies, and that ZAIC must defend the Fred Beans' Defendants in connection with the Ali Action.

64.     Zurich disputes the arguments advanced in the Response.

65.     For instance, notwithstanding its heavy reliance on New Jersey law, the Response does not reference, let alone address, a New Jersey Supreme Court decision which explicitly held that alleged violations of the Auto Sales Regulations, CFA and TCCWNA based on inflated title and registration fees and improper "documentary services" fees, such as those raised in the Ali Action, do not trigger truth-in-lending or truth-in-leasing law coverage. *See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.*, 207 N.J. 428 (2011).

66.     In fact, the Response misconstrued quotes taken from *Kent Motor Cars* to advance a flawed argument that the Ali Action implicates TIL E&O coverage when in fact *Kent Motor Cars* rejected that very argument and held the exact opposite:

| The Response | *Kent Motor Cars* |
|---|---|
| As the Supreme Court of New Jersey has explained, the TCCWNA "encompasses a *wider* variety of transactions" than other truth-in-lending and truth-in-leasing laws. [Shelton v. Restaurant.com, 214 N.J. 419, 442 (2013)]. In other words, the TCCWNA is an enforcement mechanism for a broad category of conduct that *encompasses and exceeds* the protections afforded by other truth-in-lending and truth-in-leasing laws. | The Dealerships' argument that [the insurer] should have provided a defense based on the … allegation of a violation of TCCWNA similarly falls short. That Act does not, as the Dealerships assert, have the same purpose as TILA, which the Dealerships assert would qualify it as a truth-in-lending or truth-in-leasing law. The purpose of the TCCWNA, *N.J.S.A.* 56:12-15, is to prevent deceptive practices in consumer contracts by prohibiting the use of illegal terms or warranties in consumer contracts. By its terms, **it encompasses a wider variety of transactions than do truth-in-lending and truth-in-leasing laws**. **Were we to interpret TCCWNA in the way that the Dealerships' urge us to, we would broaden the insurer's contractual obligation far beyond "truth-in-lending or truth-in-leasing" to any claim** |

|  | **that arose under TCCWNA**. Taking that approach would create significantly better coverage than that which the Dealerships bargained for and their insurer intended. …<br><br>*Kent Motor Cars*, 207 N.J. at 456-57 (emphasis added). |

67.     By way of another example of a flawed argument, the Response asserts that "Zurich incorrectly contends that Washington Township Automotive, LLC d/b/a Fred Beans Ford of Washington is not an 'insured'" because the Zurich Policies list a *different* entity, "'Fred Beans Ford, Inc. d/b/a Fred Beans Ford'" as a Named Insured.

68.     On December 22, 2023, ZAIC replied to the Response pointing to these, among other, flaws in the Fred Beans Defendants' arguments.

69.     The parties continue to have disagreements concerning the scope of coverage, if any, available under the ZAIC Policies and AGLIC XS Policies.

70.     An actual, ripe, case or controversy exists over the coverage available to the Fred Beans Defendants under the ZAIC Policies and AGLIC XS Policies.

### COUNT I
### No E&O Coverage for the Ali Action
### Under the ZAIC Policies

71.     ZAIC incorporates by reference the foregoing averments of this Complaint as if the same were set forth more fully herein at length.

72.     The Ali Action does not trigger E&O Coverage under the ZAIC Policies.

73.     The E&O Coverage is comprised of certain Truth In Lending/Truth In Leasing Errors And Omissions (as noted, "TIL E&O") coverage, Statute And Title Errors And Omissions (as noted, "Statute and Title E&O") coverage, and Agents Errors And Omissions (as noted, "Agents E&O") coverage.

74.     The Fred Beans Defendants contend that the Ali Action triggers the E&O Coverage in the ZAIC Policies; specifically, the TIL E&O coverage.

75.     The TIL E&O coverage, where applicable, provides certain coverage to an "insured" for a claim or "suit" filed "by or on behalf of a customer arising out of an alleged violation of a state or federal truth in lending or truth in leasing statute requiring that the precise and meaningful cost of credit information be provided to a credit customer", provided, *inter alia*, the violation is alleged to have occurred during the policy period.

76.     TIL E&O does not include any claim or 'suit' as described in, *inter alia*, the CCD coverage.

77.     The Ali Action does not assert a violation of a state or federal truth in lending or truth in leasing statute requiring that the precise and meaningful cost of credit information be provided to a credit customer or otherwise concern the Fred Beans Defendants' credit practices.

78.     In fact, Ali, the putative class representative, asserts that he "paid for the vehicle in full on the date of purchase".

79.     The Ali Action implicates CCD coverage under the 2020-2021 ZAIC Policy and consequently cannot qualify as a TIL E&O.

80.     The Statute and Title E&O coverage, where applicable, provides certain coverage to a qualifying "insured" for a claim or "suit" filed by or on behalf of a customer arising out of a Named Insured's "auto dealer operations" because of an alleged violation of any federal, state or local: "(a) [o]dometer statute; (b) [n]ew or used auto damage or prior use disclosure statute; (c) [c]ompetitive auto parts statute; (d) Used car Buyers Guide, including Federal Regulation 455; (e) [s]tatute requiring the display of automobile window stickers listing the manufacturer's

suggested price for the vehicle and any of its accessories, including the Monroney Act",

provided, *inter alia*, the alleged violation takes place during the coverage period.

81.     The Statute and Title E&O coverage, where applicable, also provides certain

coverage to a qualifying "insured" for a claim or "suit" by or on behalf of any person or

organization who has suffered a financial loss due to the failure of a Named Insured's employee

"to properly specify the name of the security interest or legal owner on 'auto' or watercraft title

papers", provided such "auto" or watercraft has been sold or its title has been transferred and the

alleged failure takes place during the coverage period.

82.     Statute and Title E&O does not include any claim or 'suit' as described in, *inter

alia*, the CCD coverage.

83.     The Ali Action does not assert a violation of the above-referenced statutes or

allege a failure to properly specify the name of the security interest or legal owner on 'auto' or

watercraft title papers.

84.     The Ali Action implicates CCD coverage under the 2020-2021 ZAIC Policy and

consequently cannot qualify as a Statute and Title E&O.

85.     The Agents E&O coverage, where applicable, provides certain coverage for a

negligent "act, error or omission" that is alleged to have occurred during the coverage period that

results in a claim or "suit" and arises out of the conduct of a Named Insured's business as an

"insurance agent", but only for automobile physical damage, credit life or credit accident and

health insurance.

86.     Agents E&O does not include any claim or 'suit' as described in, *inter alia*, the

CCD coverage.

87.     The Ali Action does not arise out of conduct of the Fred Beans Defendants' business as an "insurance agent".

88.     The Ali Action implicates CCD coverage under the 2020-2021 ZAIC Policy and consequently cannot qualify as an Agents E&O.

89.     Consequently, there is no E&O Coverage available to the Fred Beans Defendants for the claims asserted against them in the Ali Action under the ZAIC Policies.

90.     The Ali Action does not trigger E&O Coverage in favor of Washington Township Automotive under the ZAIC Policies.

91.     The E&O Coverage, where applicable, provides certain coverage to a qualifying "insured" which is defined in pertinent part as "any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage".

92.     Washington Township Automotive is <u>not</u> a scheduled Named Insured under the ZAIC Policies.

93.     Washington Township Automotive does not qualify as an insured in the Who Is An Insured provision of the E&O Coverage.

94.     Washington Township Automotive is a limited liability company that was formed on February 28, 2022 *after* the ZAIC Policies expired.

95.     Consequently, there is no E&O Coverage available to Washington Township Automotive for the claims asserted against it in the Ali Action under the ZAIC Policies.

96.     ZAIC otherwise has no insuring obligations (inclusive of a defense or indemnity) under the E&O Coverage relative to the claims asserted in the Ali Action pursuant to the express terms, conditions, provisions, and exclusions of the ZAIC Policies and prevailing law.  More specifically, but without limitation, ZAIC has no insuring obligations (inclusive of a defense or

26

indemnity) under the E&O Coverage relative to the claims asserted in the Ali Action, or such insuring obligation, the existence of which is specifically denied, is limited because:

(b)     The claims advanced in the Ali Action may arise out of a criminal, fraudulent, malicious, dishonest or intentional "act, error or omission" by an "insured", including the willful or reckless violation of any law or regulation;

(c)     The claims advanced in the Ali Action may seek damages based upon, attributable to or arising in fact out of the gaining of any profit, remuneration or advantage to which any "insured" was not entitled;

(d)     The claims advanced in the Ali Action may seek criminal fines or penalties imposed by law or regulation, or demands for injunctive or equitable relief;

(e)     "Damages" do not include civil penalties, fines or assessments;

(f)     "Damages" do not include statutory awards in excess of compensation, except where insurable by law; and

(g)     Punitive or exemplary damages are not insurable under prevailing law.

97.     In the alternative, ZAIC's obligations to pay defense costs and expenses under the E&O Coverage is within and erodes the applicable $500,000 Per Claim Or Suit Limit.

98.     Under the E&O Coverage, the total amount that ZAIC "will pay for 'damages', expenses and defense is limited as described in Paragraph E. Limit Of Insurance And Deductible".

99.     Paragraph E. of Limit Of Insurance And Deductible provides that the $500,000 Per Claim Or Suit Limit is the most ZAIC will pay for all "damages", expenses and defense costs because of a single claim or "suit" under the E&O Coverage regardless of the number of

"insureds", claims made or "suits" brought, persons or organizations making claims or bringing "suits", or "acts, errors omissions".

100.    Under the E&O Coverage, ZAIC's duty to defend or settle, if any, ends when the $500,000 Per Claim Or Suit Limit has been exhausted by payment of judgments, settlements, expenses or defense costs.

101.    Consequently, any insuring obligations owed to the Fred Beans' Defendants in connection with the Ali Action under the E&O Coverage, the existence of which is specifically denied, is limited to the $500,000 Per Claim Or Suit Limit and any duty to defend owed to the Fred Beans' Defendants under the E&O Coverage, the existence of which is specifically denied, is within and erodes the $500,000 Per Claim Or Suit Limit.

102.    The Ali Action does not trigger E&O Coverage under ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01.

103.    ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01 were effective, serially, for the policy period of October 1, 2018 to October 1, 2020.

104.    Ali seeks certification of a class consisting of persons who purchased or leased a motor vehicle from the Dealerships between January 1, 2021 and December 31, 2022, which is *after* ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01 expired.

105.    Consequently, there is no E&O Coverage, inclusive of defense or indemnity, available to the Fred Beans Defendants for the claims asserted against them in the Ali Action under ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01.

**WHEREFORE**, Plaintiffs, Zurich American Insurance Company and American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter an Order declaring that Zurich American Insurance Company has no duty to defend, indemnify

or otherwise provide coverage to Fred Beans Holding Inc., Fred Beans Imports of Flemington Inc. d/b/a Fred Beans Nissan of Flemington, Fred Beans Automotive of Flemington, Inc. d/b/a Fred Beans Hyundai of Flemington, Fred Beans Motors of Flemington, Inc. d/b/a Fred Beans Toyota of Flemington, Washington Township Automotive, LLC d/b/a Fred Beans of Washington, and Fred W. Beans in the civil litigation styled, *Umar Ali v. Fred Beans Imports of Flemington, et al.*, Docket No. HUN-L-141-22, Superior Court of New Jersey, Law Division, Hunterdon County pursuant to the acts, errors or omissions coverage available under Zurich American Insurance Company Policy Nos. ADM 5722572-00, ADM 5722572-01, and ADM 5722572-02, effective, serially, for the policy period of October 1, 2018 to October 1, 2021 and an Order and/or Judgment for such other relief as this Honorable Court may deem just and proper under the circumstances.

## COUNT II
### The Limited Scope of the CCD Coverage

106.    ZAIC incorporates by reference the foregoing averments of this Complaint as if the same were set forth more fully herein at length.

107.    The ZAIC Policies afford certain Customer Complaint Defense (as noted, "CCD") coverage.

108.    The CCD coverage reimburses a Named Insured for reasonable costs and expenses incurred in the defense of a "suit" by or on behalf of a customer that arises out of, *inter alia*, a Named Insured's sale or lease of its products as part of its auto dealer operations up to the CCD Per Suit Limit of $500,000.

109.    The CCD coverage does <u>not</u> include a duty to defend; it affords reimbursement coverage only for reasonable defense costs incurred in connection with a covered CCD "suit", subject to the eroding limit.

110.    The $500,000 CCD Per Suit Limit is the most ZAIC will pay for reimbursement of reasonable costs and expenses incurred in the defense or settlement of any one "suit", regardless of the number of insureds or persons or organizations that are party to that "suit".

111.    The $500,000 CCD Aggregate Limit is the most ZAIC will pay for reimbursement of reasonable costs and expenses incurred in defense or settlement of all "suits" within the policy period.

112.    Any payments made by ZAIC for reasonable costs and expenses incurred in the defense of the Ali Action or any other "suit" erodes the CCD Per Suit Limit of $500,000.

113.    Consequently, ZAIC's insuring obligations relative to the Ali Action under the CCD coverage are limited to reimbursement for reasonable costs and expenses incurred in the defense of the Ali Action up to the total amount of $500,000, subject to a reduction for defense costs and expenses previously paid or reimbursed by ZAIC.

114.    The Ali Action implicates CCD coverage under the 2020-2021 ZAIC Policy only.

115.    ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01 were effective, serially, for the policy period of October 1, 2018 to October 1, 2020.

116.    Ali seeks certification of a class consisting of persons who purchased or leased a motor vehicle from the Dealerships between January 1, 2021 and December 31, 2022, which is *after* ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01 expired.

117.    Consequently, there is no CCD coverage available to the Fred Beans Defendants for the claims asserted against them in the Ali Action under ZAIC Policy Nos. ADM 5722572-00 and ADM 5722572-01.

118.    Washington Township Automotive is <u>not</u> a scheduled Named Insured under the ZAIC Policies.

119.    Consequently, Washington Township Automotive is not entitled to CCD coverage under the ZAIC Policies.

120.    In the alternative, to the extent that E&O Coverage exists, which is specifically denied, ZAIC has no insuring obligations under the CCD coverage part relative to the claims asserted in the Ali Action.

121.    ZAIC's insuring obligations under the CCD coverage part do not apply to "suits" arising out of any criminal, fraudulent, malicious, dishonest, or intentional act, error, or omission by an "insured", including the willful or reckless violation of any law or regulation.

**WHEREFORE**, Plaintiffs, Zurich American Insurance Company and American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter an Order declaring that:

(a)    Zurich American Insurance Company's insuring obligation relative to the civil litigation styled, *Umar Ali v. Fred Beans Imports of Flemington, et al.*, Docket No. HUN-L-141-22, Superior Court of New Jersey, Law Division, Hunterdon County is limited to reimbursement of reasonable costs and expenses incurred by Fred Beans Holding Inc., Fred Beans Imports of Flemington Inc. d/b/a Fred Beans Nissan of Flemington, Fred Beans Automotive of Flemington, Inc. d/b/a Fred Beans Hyundai of Flemington, Fred Beans Motors of Flemington, Inc. d/b/a Fred Beans Toyota of Flemington, and Fred W. Beans up to the total amount of $500,000 under Zurich American Insurance Company Policy No. ADM 5722572-02 only, and such coverage is subject to a reduction for defense costs and expenses previously paid or reimbursed by Zurich American Insurance Company and all other applicable terms, exclusions, limits and conditions;

(b)    Zurich American Insurance Company has no duty to provide Customer Complaint

Defense coverage to Fred Beans Holding Inc., Fred Beans Imports of Flemington Inc.

d/b/a Fred Beans Nissan of Flemington, Fred Beans Automotive of Flemington, Inc. d/b/a

Fred Beans Hyundai of Flemington, Fred Beans Motors of Flemington, Inc. d/b/a Fred

Beans Toyota of Flemington, and Fred W. Beans relative to the civil litigation styled,

*Umar Ali v. Fred Beans Imports of Flemington, et al.*, Docket No. HUN-L-141-22,

Superior Court of New Jersey, Law Division, Hunterdon County under Zurich American

Insurance Company Policy Nos. ADM 5722572-00 and ADM 5722572-01, effective,

serially, for the policy period of October 1, 2018 to October 1, 2020; and

(c)    Zurich American Insurance Company has no duty to provide Customer Complaint

Defense coverage to Washington Township Automotive, LLC d/b/a Fred Beans of

Washington relative to the civil litigation styled, *Umar Ali v. Fred Beans Imports of*

*Flemington, et al.*, Docket No. HUN-L-141-22, Superior Court of New Jersey, Law

Division, Hunterdon County under Zurich American Insurance Company Policy Nos.

ADM 5722572-00, ADM 5722572-01 and ADM 5722572-02, effective, serially, for the

policy period of October 1, 2018 to October 1, 2021.

**COUNT III**
**No Coverage for the Ali Action**
**Under the AGLIC XS Policies**

122.    ZAIC incorporates by reference the foregoing averments of this Complaint as if

the same were set forth more fully herein at length.

123.    The AGLIC XS Policies provide, *inter alia*, certain excess follow form liability

coverage to a person or organization who qualifies as an insured in the **underlying insurance**,

subject to the terms and conditions of the **underlying insurance**, to the extent those terms and conditions are consistent with the terms and conditions in the AGLIC XS Policies.

124.    The AGLIC XS Policies only afford excess coverage above the following "Applicable Limits" in the ZAIC Policies:

> $1,000,000 Covered Autos Liability – Each Accident
> $1,000,000 Damages to Premises Rented to You – Any One Premises
> $3,000,000 General Liability Aggregate
> $1,000,000 General Liability BI and PD Liability – Each Accident
> $1,000,000 Personal and Advertising Injury Liability – Any One Person or Organization
> $3,000,000 Products & Work You Performed Aggregate.

125.    The AGLIC XS Polices only afford coverage for "amounts in excess of the Limits of Insurance shown in the Schedule of Underlying Insurance for any **underlying insurance**."

126.    The Ali Action implicates CCD coverage under ADM 5722572-02 <u>only</u> and does <u>not</u> implicate any additional coverage parts or insuring obligations under the ZAIC Policies.

127.    The Schedules of Underlying Insurance in the AGLIC XS Policies do <u>not</u> identify CCD coverage or its $500,000 Per Suit / $500,000 Aggregate Limit and consequently the AGLIC XS Policies do not apply to the CCD coverage.

128.    The Schedules of Underlying Insurance in the AGLIC XS Policies do <u>not</u> identify the E&O Coverage, inclusive of TIL E&O, or otherwise identify the $500,000 Per Suit / $500,000 Aggregate Limit and consequently the AGLIC XS Policies do not apply to the E&O Coverage, inclusive of TIL E&O.

129.    Even assuming arguendo that the Ali Action implicated TIL E&O coverage under Policy ADM 5722572-02, which it does not, coverage under the AGLIC XS Policies would not apply.

130.    Consequently, there is no coverage available to the Fred Beans Defendants for the Ali Action under the AGLIC XS Policies.

**WHEREFORE**, Plaintiffs, Zurich American Insurance Company and American Guarantee and Liability Insurance Company respectfully requests that this Honorable Court enter an Order declaring that American Guarantee and Liability Insurance Company has no duty to defend, indemnify or otherwise provide coverage to Fred Beans Holding Inc., Fred Beans Imports of Flemington Inc. d/b/a Fred Beans Nissan of Flemington, Fred Beans Automotive of Flemington, Inc. d/b/a Fred Beans Hyundai of Flemington, Fred Beans Motors of Flemington, Inc. d/b/a Fred Beans Toyota of Flemington, Washington Township Automotive, LLC d/b/a Fred Beans of Washington, and Fred W. Beans in the civil litigation styled, *Umar Ali v. Fred Beans Imports of Flemington, et al.*, Docket No. HUN-L-141-22, Superior Court of New Jersey, Law Division, Hunterdon County under American Guarantee and Liability Insurance Company Policies Nos. AUC 5722571-00, AUC 5722571-01, and AUC 5722571-02, effective, serially, for the policy period of October 1, 2018 to October 1, 2021 and an Order and/or Judgment for such other relief as this Honorable Court may deem just and proper under the circumstances.

## JURY DEMAND

Please take notice that Plaintiffs, Zurich American Insurance Company and American Guarantee and Liability Insurance Company a trial by jury as to all issues so triable.

**BODELL BOVE LLC**

s/ Robert D. Fischer
_____
Louis A. Bové, Esquire
PA ID No. 53071
Robert D. Fischer, Esquire
PA ID No. 200458
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
rfischer@bodellbove.com
*Attorney(s) for Plaintiffs, Zurich American*
*Insurance Company and American*
*Guarantee and Liability Insurance Company*

Date: May 22, 2024